UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING
------------------------------------------------------------------ x
HOLLIE LUNDAHL,

                Plaintiff,

            - against -               19 Civ. 42 ( J )

VISHAL GARG in his personal and official
capacities, BETTER MORTGAGE CORPORATION
and BOB BARKER,

                Defendants.
------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

COMES NOW, Defendants Vishal Garg and Better Mortgage Corporation, acting by and through Patrick J. Crank, Crank Legal Group, P.C., and files this Memorandum of Law in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim Upon Which Relief May Be Granted, pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6).

1

## **INTRODUCTION**

Plaintiff Hollie Lundahl ("Plaintiff"), a *pro se* individual previously recognized by the Court as a vexatious litigant and barred from filing cases in this district, as well as numerous other courts, without prior court approval, *see* Hon. Scott W. Skavdahl Order dated 1/29/14, *Lundahl v. Eli Lilly & Co.*, 13 Civ. 241 (D. Wy.), attached hereto as Exhibit B, has sued Better Mortgage Corporation ("Better Mortgage") and its Chief Executive Officer Vishal Garg ("Garg" and collectively, "Defendants") for denying Plaintiff's mortgage application for a real estate property located in South Dakota. Plaintiff's claims, brought under the Equal Credit Opportunity Act ("ECOA"), the Fair Housing Act ("FHA"), Fannie Mae regulations, Wyoming's Consumer Protection Act ("WCPA") and various claims sounding in contract and tort, are both procedurally deficient and meritless. First, the Court has neither specific jurisdiction nor general jurisdiction over Better Mortgage, a business located in New York and California that is not licensed to originate, and does not originate, mortgages in Wyoming. Second, Garg, the CEO of Better Mortgage, is a resident of New York. Based on information and belief, Plaintiff is a resident of South Dakota, and the claims all relate to real property in South Dakota. This case thus should be dismissed for lack of personal jurisdiction and, for the same reasons, improper venue.

Plaintiff's complaint also fails to state a claim on which relief may be granted. She claims that Defendants' denial of her mortgage application violated federal statutes and further asserts various claims sounding in contract and tort, but makes no factual assertions in support of those claims other than her unsupported speculation that Defendants acted illegally. For all of these reasons, and as set forth more fully herein, the Court should dismiss Plaintiff's complaint.

## ARGUMENT

I. **Personal Jurisdiction is Lacking Because Better Mortgage and Garg Transact No Business in Wyoming and the Instant Cause of Action Did Not Arise Here**

Under Wyoming's long-arm statute, a plaintiff must establish three criteria to demonstrate a basis for personal jurisdiction over a non-resident defendant:

(1) The defendant purposefully availed itself of the privilege of acting within the forum state or of causing important consequences there;

(2) The cause of action arises from the consequences in the forum state of the defendant's activities; and

(3) The activities of the defendant or the consequences of those activities have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable.

*Afflerbach v. Cunard Line*, 14 F. Supp. 2d 1260, 1264 (D. Wy. 1998) (citing *Markby v. St. Anthony Hospital Systems*, 647 P.2d 1068, 1073 (Wyo. 1982)). A court "may base the personal jurisdiction decision on affidavits or other written material." *AFTG-TG, LLC. v. Gigabyte Tech. Co.*, No. 10-CV-228-F, 2011 U.S. Dist. LEXIS 159164, at *5 (D. Wy. Feb. 25, 2011).[1]

As set forth in the attached declaration of Sara Siddiq ("Siddiq Decl."), Better Mortgage and Garg are not residents of Wyoming. *See* Siddiq Decl. ¶¶ 2-3. Further, Better Mortgage is not yet licensed to originate mortgages in Wyoming and does not transact business in the state. *See id.* ¶¶ 7-8. If a consumer attempts to apply for a mortgage for a Wyoming property through Better Mortgage's website, better.com, the company responds that it is not yet operating in Wyoming. *See id.* ¶ 10; Exhibit A. Better Mortgage does not reach out specifically to Wyoming residents through advertising. *See id.* ¶ 9. Because Better Mortgage does no business in

---

[1] Decisions not reported in official reporters are attached as Exhibit C to this Memorandum.

Wyoming, Better Mortgage lacks a "substantial enough connection" with the state of Wyoming to justify the exercise of jurisdiction. *Afflerbach*, 14 F. Supp. 2d at 1264.

Further, while Plaintiff's complaint fails to specify the location of the property for which Plaintiff applied for a mortgage, Better Mortgage's records show that the property is located in South Dakota. *See* Siddiq Decl. ¶ 11. Notably, in a complaint filed by Plaintiff in the United States District Court for the District of South Dakota on December 27, 2018, in which she asserts substantially similar claims to those asserted here against the State of South Dakota Office of Rural Development and others, Plaintiff makes clear that 1) she is a resident of South Dakota, and 2) the property at issue is "in Rapid City, SD." *See* Complaint, *Lundahl v. Julie Gross, et al.*, 18-50 90 (D.S.D.), attached hereto as Exhibit D, at ¶¶ 2, 7.[2] It is, therefore, simply not the case that Plaintiff's cause of action "arises from the consequences *in the forum state* of the defendant's activities." *Afflerbach*, 14 F. Supp. 2d at 1264 (emphasis added).

In sum, other than the fact that Plaintiff apparently maintains a post office box in Wyoming, which is the address she lists in her complaint, *see* Complaint at 1, there seems to be no connection at all between the state of Wyoming and the facts or parties at issue in this matter. The Court therefore should dismiss this action under Federal Rule of Civil Procedure 12(b)(2).

## II. Venue Is Improper Because Neither Defendant Resides in Wyoming and the Relevant Events Did Not Occur in Wyoming

"Venue is a separate requirement from jurisdiction and one which the plaintiff must establish independently from jurisdiction." *Leidholdt v. L.F.P., Inc.*, 647 F. Supp. 1283, 1285 (D. Wy. 1986) (citing *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 793 n.30 (1985)). Under 28 U.S.C. § 1391(b)(1), venue may lie in 1) "a judicial district in which any

---

[2] In addressing a Rule 12 Motion to Dismiss, this Court can take judicial notice of other Court filings. *See Warnick v. Cooley*, 895 F.3d 746, 754 n.6 (10th Cir. 2018).

4

defendant resides, if all defendants are residents of the state in which the district is located," 2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," or, if no such district exists, then 3) "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." For purposes of the venue statute, a corporate defendant "resides" in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question," 28 U.S.C. § 1391(c)(2). An individual "resides" in "the judicial district where that person is domiciled," 28 U.S.C. § 1391(c)(1). A court may consider affidavits filed in support of a motion to dismiss for improper venue. *See Pierce v. Shorty Small's*, 137 F.3d 1190, 1192 (10th Cir. 1998).

For the reasons stated in the previous section, neither Better Mortgage nor Garg "resides" in the District of Wyoming: Better Mortgage is a California corporation headquartered in New York and no personal jurisdiction exists in Wyoming. *See* Siddiq Decl. ¶ 2. Garg is domiciled in New York. *See id.* ¶ 3. Plaintiff, according to her other court filings, resides in South Dakota. Venue, therefore, must be based upon the location of "a substantial part of the events or omissions giving rise to the claim." 28 U.S.C. § 1391(b)(2); *see also Leidholdt*, 647 F. Supp. at 1285 ("[V]enue may be proper in Wyoming only if that is 'where the claim arose' since none of the defendants reside in Wyoming."). Because the property that was the subject of the mortgage application is in South Dakota, and Plaintiff has recited no events that took place in Wyoming, venue cannot lie in this district.[3] The Court should dismiss the complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

---

[3] Plaintiff names as an additional defendant "Bob Baker," but the complaint as it relates to "Bob Baker" consist of a single, cryptic sentence: "Plaintiff also seeks an injunction against defendant Baker to deliver to Plaintiff her furnishings over which BAKER has been paid delivery fees."

5

### III. Plaintiff Fails to State a Claim on Which Relief Can be Granted

A motion for relief under Federal Rule of Civil Procedure 12(b)(6) "requires the Court to determine whether a plaintiff has pled sufficient facts to state a plausible claim." *Rigler v. Lampert*, 248 F. Supp. 3d 1224, 1231 (D. Wy. 2017). Under the Supreme Court's *Iqbal* standard, "'a sheer possibility that a defendant has acted unlawfully' is insufficient to withstand a motion to dismiss for failure to state a claim." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). And while "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Mauldin v. United States*, No. 08-CV-286-D, 2009 U.S. Dist. LEXIS 132575, at *1 (D. Wy. Feb. 20, 2009) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)), "it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant," *see Hall*, 935 F.2d at 1110.

Plaintiff alleges that, in evaluating her mortgage application, Better Mortgage questioned her third-party down payment assistance grants, *see* Complaint ¶ 16, and "the source of large deposits made into Plaintiff's bank account by relatives," *id.* ¶ 18, and ultimately discontinued the processing of her application "because third persons refused to produce their bank records," *id.* ¶ 20. Plaintiff fails, however, to explain how these actions violated ECOA, the FCA, the WCPA, or constituted a breach of contract, constructive fraud, or any of Plaintiff's other asserted claims. *See id.* ¶ 1.

Instead, Plaintiff's claims are based upon two conclusory allegations: that Better Mortgage "discriminated against Plaintiff as a protected disabled person," *id.* ¶ 28, and that Better Mortgage miscalculated a "points fee" when locking in Plaintiff's interest rate at the

---

Complaint ¶ 24. Even construing this allegation in a manner most favorable to Plaintiff, it still fails to state any basis for the Court's jurisdiction, nor does it establish venue. *See* Federal Rule of Civil Procedure 8(a).

beginning of her application process, *see id.* ¶¶ 9-10. Even read liberally, these arguments lack merit and fail to meet the basic pleading standard. With respect to the first allegation, Plaintiff claims Better Mortgage discriminated against her based upon her receipt of public assistance, *id.* ¶ 27, but offers, as the only example of this "public assistance," her down payment grants from "the PenFed Foundation" and "the Federal Home Loan Bank in Des Moines," *see id.* ¶¶ 32-33, which are not government entities. *See Hardy v. Fink (In re Hardy)*, 787 F.3d 1189, 1192 (8th Cir. 2015) (recognizing public assistance as "state-sponsored benefits"). With respect to the second allegation, even assuming for the purpose of this motion that that Better Mortgage miscalculated a "points fee" during the mortgage application process, Better Mortgage's denial of Plaintiff's mortgage application occurred after the alleged point miscalculation and negated any alleged harm to Plaintiff. *See* Complaint ¶ 13.

As to Garg, Plaintiff provides no support for her claims against him, and in fact make no statements about him whatsoever other than that he is the CEO of Better Mortgage, *id.* ¶ 12, and that she directed "numerous email complaints" to him during her mortgage application process. *id.* ¶ 17. Read liberally, these assertions still fall far short of what is required for Plaintiff to sustain her claims against Garg. *See Iqbal*, 556 U.S. at 678.

Even granting Plaintiff the latitude accorded to *pro se* plaintiffs, none of her claims against Better Mortgage or Garg meets the minimum standard required to survive a 12(b)(6) motion to dismiss. *See id.* The allegations of the complaint provide no factual support for violation of federal statutes or the other common law claims alleged. Based on Plaintiff's flawed and deficient complaint, the Court should dismiss all of her claims.

## **CONCLUSION**

For all of the reasons stated herein, the Court should dismiss Plaintiff's claims against Better Mortgage and Garg.

DATED this 6th day of March, 2019.

CRANK LEGAL GROUP, P.C.

By: _/s/ Patrick J. Crank_

Patrick J. Crank
Abbigail C. Forwood
1815 Evans Avenue
Cheyenne, WY  82001
Telephone: (307) 634-2994

pat@cranklegalgroup.com
abbi@cranklegalgroup.com

*Attorneys for Defendants Better Mortgage and Garg*

## **CERTIFICATE OF SERVICE**

This is to certify that on the _____ day of March, 2019, a true and correct copy of the foregoing was served upon Plaintiff as follows:

Holli Lundahl  
Box 344  
Lusk, WY 82225  
hollilundahl@gmail.com

[ X ] U.S. Mail  
[ X ] Email  
[   ] Fax  
[   ] Hand Delivered  

By: _____  
Patrick J. Crank